FILED

JUL 2 8 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

*****************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIV 04-3022 |
| Plaintiff, | * | |
| -vs- | * | |
| SCHWANDT BROTHERS; ROGER W. SCHWANDT, individually and as a partner in Schwandt Brothers; ALLEN D. SCHWANDT, individually and as a partner in Schwandt brothers; VIRGINIA KELLEN, f/k/a Ginger Schwandt; n/k/a Ginger Campbell; GROSSENBURG IMPLEMENT, INC.; WELLS FARGO; CASE CREDIT; PIONEER GARAGE; COLOME FARM SERVICE, its successors and assigns and ROBERT GOODNOW as successor in interest or assignee, | * | ORDER AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT |
| Defendants. | * | |

*****************************************************************************

The United States of America, on behalf of Farm Service Agency ("FSA"), an agency of the Department of Agriculture, instituted this action to foreclose its security interest in chattel property against the borrowers, Schwandt Brothers ("Schwandt Brothers"), a partnership, Roger W. Schwandt ("Roger"), individually and as a partner in Schwandt Brothers; Allen D. Schwandt ("Allen"), individually and as a partner in Schwandt Brothers, and Ellen K. Schwandt ("Ellen"), individually and as a partner in Schwandt Brothers (collectively referred to hereinafter as "borrowers"). Plaintiff has moved for summary judgment (Doc. 37) and seeks a foreclosure judgment and decree ordering a chattel sale and a deficiency judgment.

In considering the motion for summary judgment, this Court must view the facts in the light most favorable to the borrowers and give the borrowers the benefit of all reasonable inferences that can be drawn from the facts. Donaho v. FMC Corporation, 74 F.3d 894, 897-898

(8th Cir. 1996). The facts are thus set forth here based upon the complaint, affidavits, exhibits and discovery herein with factual inconsistencies resolved in favor of the borrowers.

On or about December 28, 1978, Roger and Allen entered into a partnership, Schwandt Brothers, for the purpose of conducting a farming enterprise with its principal place of business in Hamill, Tripp County, South Dakota. During the course of its existence, Schwandt Brothers, through its various partners, for value received, made, executed and delivered to FSA certain promissory notes in writing which are secured by chattels. Attached to the complaint are copies of the promissory notes and security agreements between the borrowers and FSA. It should be noted that FSA has no personal claim against Roger, individually, Roger's ex-wife (Charlotte Schwandt), Grossenburg Implement, Wells Fargo, Case Credit, Pioneer Garage, Colome Farm Service, or Robert Goodnow.[1]

In 1998, Schwandt Brothers filed a Chapter 12 bankruptcy plan. Pursuant to the plan, FSA's secured claim amounted to $628,732. This figure included $470,925 for a secured real estate claim, $143,337.00 for a secured chattels claim, and $14,470 for cash collateral. On August 10, 1999, the bankruptcy court entered an order confirming the plan. Pursuant to the plan, the following loans were established: loan 29-37 for the secured real estate claim[2], loan 44-36 for the secured chattels claim, and loan 43-35 for the cash collateral order. Under the plan, unsecured debts remained on various loans.

In an order by the bankruptcy court dated February 26, 1999, the court granted the use of cash collateral and ordered that FSA was to receive a continuing lien on the borrowers' annual crops until such time as the cash collateral was repaid. FSA asserts that the debt on the cash collateral remains $7,904.34 as of June 30, 2006.

---

[1] Wells Fargo, Case Credit, Colome Farm Service and its successor in interest, Robert Goodnow, and Grossenburg Implement, Inc., may claim an interest in the chattel property as to which foreclosure is sought.

[2] Prior to the filing of the instant complaint, the real estate debt was paid in full and satisfactions of the mortgages were provided by FSA to counsel for the borrowers. Accordingly, FSA is not seeking to foreclose on any real estate.

2

Following confirmation of the bankruptcy plan, payments were missed and various modifications to the plan were effected. Based on the borrowers' failure to make plan payments, FSA received relief from the stay to foreclose on its interest in the real property and chattels. The borrowers' notes were thereafter accelerated.

On December 23, 2002, the bankruptcy court entered an order discharging the case involving the Schwandt Brothers partnership. FSA acknowledges that any debt remaining over and above the value of the chattels as to Schwandt Brothers was discharged in bankruptcy. Roger filed bankruptcy pursuant to Chapter 7 in 2001. The bankruptcy court granted Roger a discharge on February 20, 2002. As such, FSA acknowledges that Roger is not liable to FSA for any debt owing in his individual capacity as to debt classified as unsecured debt in the Schwandt Brothers Chapter 12. However, FSA contends that Ellen and Allen are liable to FSA for unsecured debt.

FSA claims that, as of June 30, 2006, the borrowers continue to owe a total debt of $230,447.01, which consists of $150,690.74 in principal, and $79,756.27 in interest. The borrowers have failed to make the full and timely payments called for by the terms of the promissory notes and security agreements. The borrowers have exhausted all debt restructuring, mediation, and associated administrative appeal rights pursuant to 7 C.F.R. 1951-S. The security interest of the United States encumbers crops, machinery, equipment, and livestock. The security interest also attached to any and all after-acquired personal property in the form of crops, machinery, equipment, livestock, and to any proceeds. FSA estimated the fair and reasonable value of the chattel security to be $105,000 (share calves at $30,000 and machinery at $75,000). Obviously, this is less than the debt owed.

## DECISION

This court has jurisdiction to hear this foreclosure suit under 28 U.S.C. § 1345 which provides:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), Donaho v. FMC Corporation, 74 F.3d 894, 898 (8th Cir. 1996). The United States Supreme Court has held that:

> The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 2552, 91 L. Ed.2d 265 (1986). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 634 (8th Cir. 1995).

Defendants have failed to meet the procedural requirements of the Federal Rules of Civil Procedure and the local rules of the District of South Dakota and summary judgment in favor of the plaintiff is appropriate on that basis alone. Fed. R. Civ. P. 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

All reply briefs in federal court in South Dakota are due within 23 days (including three days for mailing even though electronically filed). See D.S.D.LR 7.2(A). According to the plaintiff's certificate of service (Doc. 41), the defendants were served with the motion for summary judgment (Doc. 37), brief (Doc. 38), affidavit of LaDonna Hupp (Doc. 39), and the plaintiff's statement of material facts (Doc. 40) on June 30, 2006. The defendants did not provide the court with any response whatsoever within the allotted time nor was any extension sought.

Defendants Schwandt did file on July 26, 2006, a "resistance" (Doc. 42). This is insufficient as a matter of law since the defendants Schwandt failed to comply with D.S.D. LR

4

56.1(c). Having failed to do so, all material facts set forth by the moving party are deemed to be admitted. D.S.D. LR 56.1(D).

"Suits brought 'to enforce promissory notes are among the most suitable classes of cases for summary judgment, especially when the moving party shows execution, delivery and amount of the note.'" Federal Deposit Ins. Corp. v. Newhart, 713 F. Supp. 320 (W.D. Mo. 1989) (*quoting* Federal Deposit Ins. Corp. v. Willis, 497 F. Supp. 272 (S.D. Ga. 1980)). Through the materials filed, plaintiff has shown execution, delivery, and the amount of the promissory notes. It is clear that the borrowers have refused and failed to make payments according to the obligations set forth in the promissory notes and security agreements. Based on the affidavit of LaDonna Hupp, it is clear that the borrowers continue to owe FSA on four promissory notes as of June 30, 2006. Promissory Note 44-36 has an unpaid principal balance of $135,113.50 and unpaid interest of $8,117.06. Promissory Note 43-35, the cash collateral note, has an unpaid principal balance of $5,662.02 and unpaid interest of $2,242.32. The total secured debt therefore amounts to $140,775.52 in principal and $10,359.38 in interest. As for unsecured debt, Promissory Note 44-25 has no principal balance but has unpaid interest of $62,878.20. Promissory Note 43-26 has an unpaid principal balance of $9,915.22 and unpaid interest of $6,518.69. The total unsecured debt, which FSA maintains Allen and Ellen are liable for, amounts to $9,915.22 in principal and $69,396.89 in interest.

The borrowers' laches defense, as pled in their amended answer (Doc. 34) misses the mark. "The doctrine of laches is an equitable defense to be applied when one party is 'guilty of unreasonable and inexcusable delay that has resulted in prejudice' to the other party." Bostwick Irrigation Dist. v. United States, 900 F.2d 1285, 1291 (1990) (*quoting* Goodman v. McDonnell Douglas Corp., 606 F.2d 800, 804 (8th Cir. 1979), cert. denied, 446 U.S. 913, 64 L. Ed. 2d 267, 100 S. Ct. 1844 (1980)). The Eighth Circuit follows the long-standing rule that laches does not apply in actions brought by the United States. *Id.*, United States v. Brown, 835 F.2d 176 (8th Cir. 1987), and Guaranty Trust Co. v. United States, 304 U.S. 126, 82 L. Ed. 1224, 58 S. Ct. 785 (1938).

Because there are no disputed facts which create a genuine and material issue for trial, plaintiff's motion for summary judgment should be granted.

Now, therefore,

IT IS ORDERED that plaintiff's motion for summary judgment, Doc. 37, is granted.

Counsel for the government shall submit a proposed judgment form.

Dated this 28th day of July, 2006.

BY THE COURT:

*/s/ Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:

JOSEPH HAAS, Clerk

BY: */s/ Barbara J. Beepko*
DEPUTY

(Seal)